UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-3549-DMG (RAOx)** | Date | June 11, 2020 |
| Title | *Ana P. Gomez v. FCA US LLC, et al.* | Page | 1 of 3 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12]**

     This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiff Ana P. Gomez. [Doc. # 12.] For the reasons set forth below, the Motion to Remand is **GRANTED**.

## I.
## BACKGROUND

     On April 30, 2019, Plaintiff filed a Complaint in Los Angeles County Superior Court against Defendant FCA US LLC ("FCA"), alleging violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq*. Yasuzawa Decl., Ex. D ("Compl.") [Doc. # 1-1]. Plaintiff's allegations arise from her purchase of a new 2017 Jeep Renegade from FCA. *Id*. at ¶ 6. Plaintiff also brings a claim against FCA for failure to service, repair, or replace her car. *Id*. at ¶ 21.

     On April 16, 2020, FCA removed the case to this Court on the basis of diversity jurisdiction. *See* Notice of Removal [Doc. # 1]. Plaintiffs filed the instant MTR on May 12, 2020, and it is now fully briefed. Opp. [Doc. # 15]; Reply [Doc. # 16].

## II.
## LEGAL STANDARD

     There are two 30-day periods for removing a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, defendants have 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id*.; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin.'"). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion,

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3549-DMG (RAOx)** | Date | June 11, 2020 |
|---|---|---|---|

| Title | *Ana P. Gomez v. FCA US LLC, et al.* | Page | 2 of 3 |
|---|---|---|---|

order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III.
## DISCUSSION

FCA acknowledges that it received service of the Complaint on May 1, 2019—about a year before it removed the case to this Court. Notice of Removal ("NOR") at ¶ 3 [Doc. # 1]. Nonetheless, it argues that it timely removed the action because it first learned of the relevant jurisdictional information that made the case removable when it obtained the purchase contract for Plaintiff's vehicle through discovery in March 2020. Opp. at 2-3. The Court disagrees.

Plaintiff's Complaint states that she paid $32,422.32 for her vehicle. Compl. at ¶ 7. The purchase agreement contained no new or different information about the value of Plaintiff's car. To the contrary, it confirmed the truth of Plaintiff's original allegations about her car's purchase price. *See* Yasuzawa Decl., Ex. D ("Purchase Agreement") [Doc. # 1-1]. In its NOR, FCA adopts the $32,422.32 purchase price to argue that the value of Plaintiff's claims exceeds the amount in controversy threshold for diversity jurisdiction. *See* NOR at ¶ 17.

FCA contends that it waited to obtain the purchase agreement before removing the case, rather than remove it based on Plaintiff's allegations, because her Complaint was unverified and did not qualify as admissible evidence. Opp. at 5. It is unsurprising that FCA cites no authority for the notion that defendants cannot or should not remove actions filed in state court until they possess admissible evidence of the value of the plaintiff's claim. That is simply not how the pleading stage works. Defendants may rely on a plaintiffs' *allegations* in deciding whether to file a notice of removal. *Kuxhausen*, 707 F.3d at 1139 (stating that the 30-day removal period begins if the "case stated by the initial pleading is removable on its face"). Indeed, defendants may rely on the second 30-day removal period described above only "if the case *stated by the initial pleading* is not removable." 28 U.S.C. § 1446(b)(3).

Even assuming that the value of Plaintiff's claims satisfies the amount in controversy requirement, that value was apparent on the face of the Complaint. Since Plaintiff filed her Complaint on May 1, 2019, the 30-day removal period expired on May 31, 2019 and FCA's NOR was untimely filed.[1]

---

[1] FCA and Plaintiff also disagree as to whether the action satisfies the amount in controversy requirement for federal diversity jurisdiction and whether FCA filed all the statutorily-required documents along with its NOR. Because FCA failed to timely file its NOR, however, the Court need not discuss those issues.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 / REMAND |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES—GENERAL | | |

| Case No. | **CV 20-3549-DMG (RAOx)** | Date | June 11, 2020 |
|---|---|---|---|
| Title | *Ana P. Gomez v. FCA US LLC, et al.* | Page | 3 of 3 |

## III.
## CONCLUSION

In light of the foregoing, Plaintiffs' MTR is **GRANTED**. The case is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**